UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ALVIN D. HALL,

      Plaintiff,

v.                            Civil Action No. 15-6938

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

MEMORANDUM OPINION AND ORDER

      Pending are the objections filed on June 17, 2016, by plaintiff Alvin D. Hall ("plaintiff") to the magistrate judge's proposed findings and recommendation ("PF&R").

I.  Procedural History

      On May 29, 2015, plaintiff instituted this civil action pursuant to 42 U.S.C. § 405(g).  Plaintiff seeks judicial review of the Commissioner's administrative decision denying plaintiff's application for disability insurance benefits and supplemental security income.

      This action was referred to United States Magistrate Judge Omar J. Aboulhosn for consideration, pursuant to 28 U.S.C. § 636(b)(1)(B) and standing order in this district.  The

magistrate judge filed his PF&R on June 7, 2016.  In that document, the magistrate judge recommends that the Commissioner's final decision be affirmed, that plaintiff's motion for judgment on the pleadings be denied, that the motion for judgment on the pleadings filed by the Commissioner be granted, and that this action be dismissed from the docket.[1]  <u>See</u> PF&R, p. 23.  On June 17, 2016, as noted, plaintiff timely filed his objections to the PF&R.  On June 23, 2016, the Commissioner filed her response to plaintiff's objections.

Plaintiff objects to the magistrate judge's determination that the ALJ's failure to assess plaintiff's respiratory impairments under listings 3.02(c)(2) and 3.03B were harmless errors, and to the magistrate judge's determination that consideration of certain updated medical opinions would not have changed the ALJ's decision and hence were not necessary.  <u>See</u> Plaintiff's Objections to PF&R ("Obj."), pp. 2-4 and 4-6, respectively.

## II.   <u>Standard of review</u>

The court reviews <u>de novo</u> those portions of the magistrate judge's PF&R to which objections are timely filed.

---

[1] While Carolyn W. Colvin was the Acting Commissioner of Social Security as of the date of the objections to the PF&R, Nancy Berryhill became the Acting Commissioner on January 23, 2017.

28 U.S.C. § 636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also 20 C.F.R. § 416.927(e)(1) (ultimate decision regarding disability determinations rests with the Commissioner).  On the other hand, the standard of review of the Commissioner's decision is rather deferential to the Commissioner, for, "[u]nder the Social Security Act, [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal citations and quotations omitted); Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974) (court must scrutinize the record as a whole to determine whether the conclusions reached are supported by substantial evidence); see also 42 U.S.C. § 405(g).  Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citations and quotations omitted).

        "In reviewing for substantial evidence, [a district court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ."  Johnson, 434 F.3d at 653.  Substantial evidence is by definition more than "a mere scintilla," Smith v.

_Chater_, 99 F.3d 635, 638 (4th Cir. 1996), but "may be somewhat less than a preponderance," _Blalock v. Richardson_, 483 F.2d 773, 776 (4th Cir. 1972) (_quoting_ _Laws v. Celebrezze_, 368 F.2d 640, 642 (4th Cir. 1996)).

### III.  Discussion

#### A.

The Social Security regulations establish a "sequential evaluation" for the adjudication of disability claims.  _See_ 20 C.F.R. §§ 404.1520(a), 416.920(a).  The first question is whether the claimant is currently engaged in gainful employment.  _Id._ §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the second question is whether the claimant suffers from a severe impairment.  _Id._ §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If so, the third question, at issue here, is whether the claimant's impairment or impairments meets or equals any of the specific impairments listed in Appendix 1 to Subpart P of the regulations.  _Id._ §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If it does, the claimant is considered disabled, and is awarded benefits.  _Id._  If not, the inquiry continues on to questions not presently relevant.

The Listing of Impairments, as a general matter, describes, for each anatomical system, impairments that are

4

considered "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. §§ 404.1525(a), 416.925(a). Section 3.00 concerns the respiratory system.  See 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 3.00.  Section 3.02(c)(2) deals with chronic impairments of gas exchange in the lungs due to pulmonary disease.  Section 3.02(c)(2) is satisfied when the following is true of the claimant:

> Arterial blood gas values of PO2 ["partial pressure of oxygen," which reflects the amount of oxygen dissolved in the blood] and simultaneously determined PCO2 ["partial pressure of carbon dioxide," reflecting the amount of that substance dissolved in the blood] measured while at rest . . . in a clinically stable condition . . . [are] equal to or less than the values specified in . . . table III-A[.]

Id.

          Section 3.03B deals with asthma.  Section 3.03B is satisfied when the following is true of the claimant:

> Attacks . . . in spite of prescribed treatment and requiring physician intervention, occur[] at least once every 2 months or at least six times a year. . . .

Id.  Asthma attacks, as referred to in section 3.03B, are defined in section 3.00C as:

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as inhalational bronchodilator therapy in a hospital, emergency room or

5

equivalent setting.  Hospital admissions are defined as
inpatient hospitalizations for longer than 24 hours.  The
medical evidence must also include information documenting
adherence to a prescribed regimen of treatment as well as
the medical evidence should include spirometric results
obtained between the attacks that document the presence of
baseline airflow obstruction.

Id.

Here, the ALJ concluded at step three of the
sequential analysis that plaintiff's impairments failed to meet
any impairment listed in listing 3.00 because the evidence
failed to demonstrate FEV1 values ["forced expiratory volume,"
measuring the proportion of a person's maximum amount of inhaled
air that they are able to expire in the first second of forced
expiration] that were less than or equal to the values set forth
in table 1 of the Listing of Impairments.  See Tr., p. 13.  The
ALJ relied exclusively upon the medical opinions of the state
agency's medical consultants, Drs. Osborne and Parikshak, in
making this determination.  Id.  Although the magistrate judge
acknowledged that the ALJ failed to consider plaintiff's
impairments under listings 3.02(c)(2) or 3.03B, the magistrate
judge nevertheless concluded that the errors were harmless.
PF&R, pp. 16, 18-19.  Plaintiff objects to the magistrate
judge's conclusion.  Obj., p. 2.

Under the harmless error doctrine, a court should
affirm the Commissioner's decision, even when there is error, if

6

there is "no question that []he would have reached the same result notwithstanding [the] initial error." <u>Mickles v. Shalala</u>, 29 F.3d 918, 921 (4th Cir. 1994); <u>see</u> <u>Tanner v. Comm'r of Soc. Sec.</u>, No. 14–1272, 602 F. App'x. 95, 101 (4th Cir. 2015) (finding an ALJ's error to be harmless where it was "highly unlikely, given the medical evidence of record, that a remand to the agency would change the Commissioner's finding of nondisability").

At step two, the ALJ found that plaintiff suffered from the following severe impairments: pulmonary fibrosis, lumbar pain syndrome, hypertension, chronic obstructive pulmonary disease, obesity and depression. <u>See</u> Tr., p. 12. At step three, however, the ALJ found that plaintiff's impairments did not meet or equal any listed impairment. <u>See</u> <u>id.</u> at pp. 13-14. In so finding, the ALJ stated that "the undersigned adopts the findings of the Disability Determination Services [] State agency medical consultants who determined that the claimant['s] symptoms of chronic obstructive pulmonary disease and other respiratory system disorders, did not meet a listing." <u>Id.</u> at p. 13 (<u>referring to</u> <u>id.</u> at pp. 54, 64, 75, 85). The ALJ added that plaintiff's "impairments failed to meet the listing for 3.02 . . . since the credible medical evidence . . . fail[ed] to demonstrate the claimant suffers from chronic obstructive

pulmonary disease with [FEV1 values] equal to or less than the values specified in table I of the listing. . . ."  <u>Id.</u>

As the magistrate judge acknowledged, the ALJ relied entirely on evidence relating to FEV1, and failed to discuss evidence relating to plaintiff's other respiratory difficulties. The magistrate judge concluded that the ALJ's error was harmless, however, inasmuch as evidence in the record suggested that plaintiff's impairments would not have satisfied listing 3.02(c)(2).  <u>See</u> PF&R, pp. 16-18.  The magistrate judge cited evidence that plaintiff's PCO2 and PO2 levels were consistently above the lower limits that a claimant must meet in order to prevail on that ground, as set forth in the Listing of Impairments.  <u>See id.</u> at pp. 16-17.

There is substantial evidence that plaintiff does not satisfy listing 3.02(c)(2).  In order to meet listing 3.02(c)(2), plaintiff must have arterial blood gas values of PC02 and P02 equal to or less than those contained in Table III-A.  Table III-A is reproduced below:

Table III-A

[Applicable to test sites less than 3,000 feet above sea level]

| Arterial PCO2 (mm. Hg) and | Arterial PO2 (mm. Hg) equal to or less than (mm. Hg) |
|---|---|
| 30 or below | 65 |
| 31 | 64 |
| 32 | 63 |
| 33 | 62 |
| 34 | 61 |
| 35 | 60 |
| 36 | 59 |
| 37 | 58 |
| 38 | 57 |
| 39 | 56 |
| 40 or above | 55 |

20 C.F.R. Pt. 404, Subpt. P, App'x 1, Table III-A.

Plaintiff's arterial gas blood levels contained in the record are as follows:

| Date | Arterial PCO2 (mm. Hg) and | Arterial PO2 (mm. Hg) equal to or less than (mm. Hg) | Transcript Page Number |
|---|---|---|---|
| 12/19/2013 | 39.8 | 62.8 | 322 |
| 01/28/2014 | 37.4 | 79.2 | 297 |
| 06/16/2014 | 32.6 | 102.6 | 706 |
| 07/14/2014 | 37.5 | 77.0 | 681 |
| 08/19/2014 | 34.6 | 61.6 | 667 |
| 10/09/2014 | 37.3 | 97.2 | 559 |
| 10/10/2014 | 36.6 | 69.9 | 589 |
| 11/28/2014 | 30.0 | 101.3 | 557 |

None of plaintiff's test results meet the requirements of Table III-A.  For example, as noted by the magistrate judge,

9

plaintiff's $PCO_2$ level on August 19, 2014 was 34.6 (being less than 35), but plaintiff's $PO_2$ level on that date of 61.6 was not less than the comparable $PO_2$ maximum level of 60.  PF&R, p. 16. Moreover, plaintiff cannot meet the levels contained in Table III-A on even one occasion, let alone on two separate occasions, which is required to meet the listing.  <u>See</u> Pt. 404, Subpt. P, App'x 1 § 3.02(c)(2).  The court cannot find, and plaintiff cannot point to, any arterial blood gas values that meet the specifications of Table III-A.  Therefore, plaintiff does not meet the requirements of listing 3.02(c)(2).

With regard to listing 3.03B, the magistrate judge found that, while the ALJ should have considered plaintiff's impairments under that listing, this error was harmless inasmuch as plaintiff does not meet the listing requirements.  PF&R, pp. 17-18.  Plaintiff objects to these findings.[2]  Obj., pp. 3-4.

There is evidence in the record that plaintiff has breathing difficulties, potentially from asthma.  On multiple

---

[2] Plaintiff further objects to the magistrate judge's conclusion that the ALJ's failure to establish that plaintiff was able to stop smoking voluntarily in order to meet the "in spite of prescribed treatment" requirement of listing 3.03B was a harmless error.  Obj. at pp. 3-4.  Because plaintiff does not have the necessary baseline airflow obstruction for listing 3.03B, the court need not reach the issue of whether it was necessary for the ALJ to make this finding in order for plaintiff to meet the "in spite of prescribed treatment" requirement of the listing.

occasions, plaintiff presented at the emergency room complaining of shortness of breath and related issues with difficulty breathing.  <u>See</u> Tr., pp. 267-276, 277-299, 545-558, 559-591, 672-682, 683-708.  Despite these encounters with the health care system, as the magistrate judge correctly noted, plaintiff does not have spirometric results that document the presence of baseline airflow obstruction, which is required in order to meet the "attack" definition cited to in listing 3.03B.  Plaintiff had respiratory testing in April 2013 and June 2014.  <u>Id.</u> at pp. 366, 393-94.  As the ALJ noted, the plaintiff's respiratory test in April 2013 showed that his "flow volume loop, spirometry, lung volumes, and DLCO were all within normal limits.  <u>Id.</u> at pp. 16, 393-94.  The June 3, 2014 report from plaintiff's testing showed that his spirometry was again normal.  <u>Id.</u> at pp. 16, 362.  Plaintiff points to no other spirometry results, and the court cannot find any in the record, that document baseline airflow obstruction.  Because plaintiff has normal spirometry results, he cannot meet the definition of "attack" contained in 3.00(C), and he therefore does not meet listing 3.03B.

A claimant will be found disabled at step three even if he does not meet a listing if he can establish medical equivalence.  404.1520(a)(4)(iii).  Medical equivalence occurs when a claimant has "a combination of impairments, no one of

11

which meets a listing," and his "symptoms, signs, and laboratory findings are at least equal in severity to the listed criteria." 20 C.F.R. §§ 404.1526(b)(3), 404.1529(d)(3).  The claimant

> must present medical findings equal in severity to <u>all</u> of the specified medical criteria for the one most similar listed impairment . . . . [H]e cannot qualify for benefits under the 'equivalency' step by showing that the overall functional impact of his . . . combination of impairments is as severe as that of a listed impairment.

<u>Sullivan v. Zebley</u>, 493 U.S. 521, 532 (1990).  The burden is on the plaintiff to show that his impairments are equivalent to a listing.  <u>See</u> <u>Brown v. Yuckert</u>, 482 U.S. 137, 146, n.5 (1987) ("The claimant first must bear the burden . . . of showing that . . . he has a medically severe impairment or combination of impairments.").

According to plaintiff, because of the nature of his pulmonary condition, that is, pulmonary fibrosis, he is disabled under the equivalency standard of 3.02(c)(2) and 3.03B, which is, he says, supported by evidence added to the record after the opinions of the state agency experts were rendered.  Obj., p. 5.

Listing 3.02(c) refers to chronic impairment of gas exchange due to clinically documented pulmonary disease.  As previously noted, under 3.02(c)(2), a claimant must have chronic impairment of gas exchange due to pulmonary disease with the requisite arterial blood gas values of PO2 and PCO2 listed in

12

Table III-A.  As previously discussed, plaintiff does not have the required PO2 and PCO2 levels to meet listing 3.02(c)(2). Plaintiff has additionally failed to provide any evidence or explanation how his pulmonary fibrosis or any evidence in his medical records show that his impairments are equivalent in severity to the two required arterial blood gas values required in listing 3.02(c)(2).  Although he points to arterial blood gas values added to the file after the opinions of the state agency medical experts, as previously discussed, these values do not meet the values in Table III-A.  See Obj., p. 6.  Additionally, plaintiff refers to "multiple pulmonary 'attacks'" that were added to the record after the state agency medical opinions, but does not explain or provide evidence of how these "attacks" are equal in severity to the listing requirements.  See id. Plaintiff also does not explain how these episodes qualify as attacks, since they do not meet the listing 3.03B definition of attack.  Plaintiff has thus failed to meet his burden of showing his impairments are equivalent to listing 3.02(c)(2).

Plaintiff has also failed to establish equivalency of his impairments under listing 3.03B.  As noted, plaintiff does not have the required spirometric results that document the presence of baseline airflow obstruction required for listing 3.03B.  He has failed to provide evidence or explain how his

pulmonary fibrosis or the pulmonary "attacks" that occurred after the state agency medical opinions were issued demonstrate that he has baseline airflow obstruction equal in severity to the spirometric results necessary to meet the requirements for an "attack."  Therefore, plaintiff has failed to meet the burden of showing his impairments are equivalent to listing 3.03B.

To the extent plaintiff argues that his impairments meet a combination of listings 3.02(c)(2) and 3.03B, this argument must also fail.  <u>See</u> Pl. Brief in Supp. of Judg. on the Pleadings at p. 16.  At step three, the ALJ must determine whether the claimants impairments, singly or in combination, meet or medically equal a listing.  20 C.F. R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The social security regulations do not instruct the ALJ to piece together the requirements of two listings to determine whether a claimant is disabled at step three.  The court has previously analyzed whether all of plaintiffs impairments meet or medically equal listings 3.02(c)(2) and 3.03B and has determined that the evidence in the record does not support such a finding.  Moreover, upon examination of the ALJ's decision, it is clear that he considered the physical limitations of plaintiff's impairments and their cumulative impact on his ability to perform basic work activities in making his residual functional

capacity assessment.  The ALJ considered plaintiff's chronic obstructive pulmonary disease, pulmonary fibrosis, and coughing fits.  Tr. at p. 16.  The ALJ also considered plaintiff's inability to walk more than 100 feet, his inability to be in extreme heat or cold, and his inability to tolerate strong smells or dusts.  Id.  Further, at the administrative hearing, the ALJ asked the vocational expert hypothetical questions that required the expert to take into account plaintiff's combined impairments.  Id. at 20-21.  Accordingly, there is substantial evidence that plaintiff's impairments do not meet or equal listings 3.02(c)(2) or 3.03B.

Plaintiff objects to the magistrate judge's review of the record to determine that the failure of the ALJ to consider listings 3.02(c)(2) and 3.03B were harmless errors.  Obj., p. 4. Plaintiff cites recent Fourth Circuit cases Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013), and Fox v. Colvin, 632 Fed. Appx. 750 (4th Cir. 2015), for the proposition that the magistrate judge and the court must remand the case and cannot itself review the record "to determine whether the ALJ's ultimate conclusion can be supported by the record notwithstanding error at step three."  Obj., p. 4.

In Radford, the ALJ's decision that the plaintiff did not meet the pertinent listing was "devoid of reasoning,"

15

because the ALJ did not give any basis for his conclusion that
the claimant's impairments did not meet any listing.  734 F.3d
at 295.  The court concluded that the ALJ's lack of discussion
of the listing made it "impossible for a reviewing court to
evaluate whether substantial evidence supports the ALJ's
findings," particularly considering "probative evidence strongly
suggesting that [the claimant] meets or equals" the pertinent
listing and due to the failure of the ALJ to indicate why he
gave more weight to the medical opinions of the state agency
physicians than to the plaintiff's treating physicians.  Id. at
295-96; see McLeod v. Colvin, 625 Fed. Appx. 189 (4th Cir. 2015)
("While the ALJ in Radford did cite state medical opinions, he
did not 'indicate why the opinions merit[ed]' the weight he
afforded them.  Furthermore, the ALJ failed to provide any
explanation why he rejected the treating physician's opinions. .
. . [W]e noted that there was some conflicting evidence in the
record.  Consequently, the record was 'ambivalen[t]'.  Because
of this, and because the ALJ failed to explain his reasoning,
the district court could not meaningfully review the record.").
Because of these deficiencies, the court remanded the case to
the ALJ.  Radford, 734 F.3d at 296.

        Similarly, in Fox, the ALJ failed to "apply findings
to the disability listing" and "offered nothing to reveal why he

was making his decision" despite "[i]nconsistent evidence" in
the record.  632 Fed. Appx. at 1.  The ALJ further did not
explain how he discredited the claimant's treating physician's
numerous statements that he faced severe limitations that
supported a finding that the claimant met the listing.  Id.  The
court refused to "speculate as to how the ALJ applied the law to
its findings or to hypothesize the ALJ's justifications that
would perhaps find support in the record" and it remanded the
case to the ALJ.  Id.

     Here, unlike Radford and Fox, there is substantial
evidence that plaintiff does not meet listings 3.02(c)(2) and
3.03B in that plaintiff's numerical test results do not meet the
listings.  Further, as previously discussed, plaintiff has not
put forth any credible evidence that his impairments equal each
requirement of listing 3.02(c)(2) or 3.03B.  This is not an
instance where "inconsistent evidence abounds . . . [and]
'leaves [the court to wonder]' in such a way that [the court]
cannot conduct 'meaningful review.'"  See Fox, 632 Fed. Appx. at
1 (citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015);
see also Brown v. Colvin, 639 Fed. Appx. 921 (4th Cir. 2016)
(remanding the case when the decision of the ALJ was deficient
despite the Commissioner's contention that the listing clearly
was not met, finding that the claimant's "medical record [was]

17

not so one-sided" that the court could say the listing was not met).

Because there is substantial evidence that plaintiff's impairments, singly or in combination, do not meet or equal either listing, there is "no question but that [the Commissioner] would have reached the same result notwithstanding [the] initial error." See Mickles, 29 F.3d at 921. Accordingly, any error on the part of the ALJ in failing to consider listings 3.02(c)(2) and 3.03B were harmless and the ALJ's step three decision is supported by substantial evidence. See id.

B.

Plaintiff's second objection is to the magistrate judge's conclusion that the ALJ was not required to obtain an updated medical opinion.  To that end, plaintiff argues that the ALJ should have obtained an updated opinion inasmuch as medical evidence pertinent to listings 3.02(c)(2) and 3.03(B) were added to the record after the state agency opinions of Drs. Osborne and Parikshak.  Obj., pp. 4-6.  The additional medical records plaintiff refers to are records from Logan Regional Medical Center, from June 16, 2014 to December 9, 2014 and office treatment records from Delores Santamaria, M.D., from October 23 to 24, 2014.  Id. at p. 6; Tr. at pp. 524-708, 437-438.

18

Generally, an updated opinion is required only if the subsequently submitted evidence shows a "significant change occurred in the claimant's condition after issuance of the consultant's opinion that reasonably would affect its validity." Hampton v. Colvin, No. 1:14-CV-24505, 2015 WL 5304294, at *22 (S.D.W. Va. Aug. 17, 2015) report and recommendation adopted, No. CV 1:14-24505, 2015 WL 5304292 (S.D.W. Va. Sept. 9, 2015) (citing Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir.2011); and Starcher v. Colvin, No. 1:12-01444, 2013 WL 5504494, at *7 (S.D. W. Va. Oct. 2, 2013)); see also White v. Colvin, No. CIV.A. 6:13-1935-BHH, 2014 WL 7952902, at *19 (D.S.C. Sept. 3, 2014) report and recommendation adopted, No. CIV.A. 6:13-1935-BHH, 2015 WL 892932 (D.S.C. Mar. 3, 2015); Jordan v. Astrue, Civ. A. No. BPG-09-1959, 2010 WL 5437205, at *4 (D. Md. Dec. 27, 2010) (noting that the ALJ did not err in relying on a physician's report where the ALJ considered the records submitted after the physician's report).

According to plaintiff, additional evidence has been added to the record since the opinions of the state agency medical experts that support a finding that his impairments, particularly his pulmonary fibrosis, meet the equivalence standard of listings 3.02(c)(2) and 3.03B.  Obj., p. 5.  This evidence includes "documentation of multiple pulmonary 'attacks'

requiring medical intervention and arterial blood gas values
[that were] added to the file" after the opinions of the state
agency medical experts were rendered.  Id. at p. 6 (citing Tr.
pp. 437-38, 524-708, 591, 642, 653, 667).  State agency medical
consultant Dr. Osborne initially determined that plaintiff was
not disabled on June 23, 2014.  Tr., pp. 53-54.  Dr. Parikshak
reconsidered plaintiff's claim on September 19, 2014, and
affirmed Dr. Osborne's finding that plaintiff was not disabled.
Id. at pp. 71-79.  The ALJ made his determination on February
26, 2015.  Id. at 21.

          The magistrate judge found that "the ALJ considered
all the evidence of record and properly relied on the opinions
of Drs. Osborne and Parikshak."  PF&R, p. 22.  Based on the
magistrate judge's own evaluations of the record, he recommends
that because the medical evidence failed to demonstrate that
plaintiff met listing 3.02(c)(2) or 3.03B, "an updated opinion
would not have changed the ALJ's decision."  See PF&R, pp. 22-
23.

          Plaintiff asserts that an updated medical opinion
would change the state agency experts' opinions because of
later-added medical records relating to his pulmonary fibrosis.
Obj., p. 5.  However, when the state agency medical experts gave
their opinions, they assessed plaintiff's medical records, which

20

included a history of pulmonary fibrosis.  Plaintiff was
diagnosed with pulmonary fibrosis on December 21, 2013 and again
on January 28, 2014.  <u>See</u> Tr., pp. 277-299, 300-324.  Dr.
Osborne included summaries of these records in her findings of
fact and analysis of evidence.  <u>See</u> <u>id.</u> at p. 53-54 (noting
plaintiff's December 21, 2013 consult resulted in a diagnosis of
COPD exacerbation and pulmonary fibrosis and that the January
28, 2014 emergency room visit resulted in a diagnosis of COPD
exacerbation).  Additionally, the ALJ considered plaintiff's
pulmonary fibrosis and discussed and included citations to these
later added records in his decision.  <u>See</u> <u>id.</u> at pp. 13, 17-18.

      As previously discussed, none of the evidence added to
the record after one or both of the opinions of the state agency
medical experts meet or equal the requirements of listings
3.02(c)(2) or 3.03B.  The additional medical records that
plaintiff cites to are hospital records from Logan Regional
Medical Center, from June 16, 2014 to December 9, 2014 and
office treatment records from Delores Santamaria, M.D., from
October 23 to 24, 2014.  Obj. at p. 6; Tr. at pp. 524-708, 437-
438.  During this time, plaintiff required treatment on four
occasions due to symptoms of shortness of breath, chest pain,
and wheezing.  Tr. at pp. 683-708, 672-682, 559-591 and 545-558.
On each of these occasions, he was diagnosed with COPD

exacerbation, desquamative interstitial pneumonia, or syncope. <u>Id.</u>

Despite plaintiff's medical difficulties after the state agency medical experts determined he did not meet or equal any listing, when one examines the entirety of plaintiff's medical history, he has failed to demonstrate how these additional records show he meets or equals the requirements of listing 3.02(c)(2) or 3.03B. The "multiple pulmonary 'attacks'" to which plaintiff refers are not attacks within the meaning of listing 3.03B, because plaintiff does not have the necessary presence of baseline airflow obstruction required in the listing. <u>See</u> Obj., p. 6. Further, the later recorded arterial blood gas values to which plaintiff refers do not meet the levels in Table III-A required for listing 3.02(c)(2). Plaintiff also has not provided evidence of how any of his medical records, received either before or after the state expert opinions, allow him to meet the equivalency of these or any listings.

Review of all of plaintiff's medical records received both before and after the opinions of the state agency medical experts show that he is unable to meet listings 3.02(c)(2) or 3.03B. Further, plaintiff has not pointed to any evidence that shows equivalency to the listings. Inasmuch as there is no

evidence that an updated medical opinion would change the opinion of the medical experts, one was not required.

IV.   <u>Conclusion</u>

Accordingly, having received the PF&R and the plaintiff's objections, and having reviewed the record <u>de novo</u>, it is ORDERED:

1.   That the PF&R be, and it hereby is, adopted and incorporated herein;

2.   That the decision of the Commissioner be, and it hereby is, affirmed;

3.   That judgment be, and it hereby is, granted in favor of the Commissioner; and

4.   That this action be, and it hereby is, dismissed and stricken from the docket of the court.

The Clerk is requested to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

DATED: March 14, 2017

John T. Copenhaver, Jr.
United States District Judge

23
